1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

| DONALD ISAAC JOHNSON, | |
|---|---|
| Plaintiff, | No. C15-5488 RJB-KLS |
| v. | |
| STATE OF WASHINGTON, | **REPORT AND RECOMMENDATION** **Noted For: September 4, 2015** |
| Defendant. | |

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiff Donald Isaac Johnson filed this civil rights complaint under 42 U.S.C. § 1983 *pro se*. Dkt. 1-1.  His application to proceed *in forma pauperis* (IFP) is pending.  Dkt. 1.  Mr. Johnson alleges that he was unlawfully charged and convicted by the State of Washington in Pierce County Superior Court Case No. 12-1-01235-2.  Mr. Johnson acknowledges that a habeas petition regarding this conviction is presently pending in *Johnson v. Gilbert,* Case No. 15-5435 RBL-KLS. Dkt. 1-1, at 3.  He contends, however, that in this action, he is suing the State of Washington for the unlawful imprisonment stemming from that conviction.  He seeks "Four Hundred and Fifty Gazillion Dollars and One Cent." *Id.*, at 5.  Mr. Johnson was ordered to show cause why this Court should not impose monetary sanctions against him for vexatious and malicious filings.

26

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Mr. Johnson has been repeatedly warned that he cannot proceed on a civil rights action until and unless his conviction is overturned through habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  A review of Mr. Johnson's litigation history shows that he obtained IFP status and raised this issue on three previous occasions in: (1) *Johnson v. Gildehaus*, Case No. 12-5818 RBL-KLS; (2) *Johnson v. State of Washington*, Case No. 12-5839 BHS-KLS; and (3) *Johnson v. State of Washington*, Case No. 12-5864 RBL-JRC.  In *Johnson v. Monroe Correctional Complex,* Case No. 13-5167 RBL-JRC, the Court denied Mr. Johnson's IFP application, found his repetitive filings on this issue vexatious and malicious, and warned Mr. Johnson that further improper filings could result in sanctions (including monetary fines, dismissal of actions, and possibly a bar order preventing further filings).  Dkt. 3 in Case No. 13-5167 RBL-JRC.  The Court dismissed the action without prejudice so that the habeas petition pending at that time (*Johnson v. Monroe Correctional Complex,* Case No. 13-5008 RBL-JRC) could proceed.  *Id.*  That habeas petition was dismissed for lack of personal jurisdiction.  Dkt. 16 in Case No. 13-5008 RBL-JRC.

Mr. Johnson filed a second petition for writ of habeas corpus in June 2016.  The Court granted his IFP application and directed that the petition be served.  Dkts. 4 and 7 in *Johnson v. Gilbert,* Case No. 15-5435 RBL-KLS.  The petition remains pending.  On July 10, 2015, Mr. Johnson filed this action and an identical action in *Johnson v. State of Washington,* Case No. 15-5483 BHS-DWC. As he has been repeatedly advised, Mr. Johnson cannot bring a § 1983 action for damages related to his imprisonment unless and until his state court judgment has been invalidated, expunged, or otherwise impugned.  *Heck v. Humphrey*, 512 U.S. 477, 486-87

REPORT AND RECOMMENDATION - 2

1   (1994).  This has not occurred.  Mr. Johnson must await the outcome of his federal habeas

2   proceeding which has not yet been adjudicated by this Court.

3           Because he has been repeatedly advised and was explicitly warned that further filings of

4   this nature could result in sanctions including monetary fines, dismissal of actions, and possibly a

5   bar order preventing further filings, Mr. Johnson was ordered to show cause why the Court

6   should not impose sanctions in this case.  Dkt. 6, at 3.  Mr. Johnson responds that there was a

7   misunderstanding because he was "lawfully granted leave" to proceed *in forma pauperis* on June

8   29, 2014 in Case No. C15-5435 RBL-KLS, and he was not advised "till after the informa

9   pauperis petition was sent in."  He further advises that the Court should "check the filing dates,

10  they'll show the misunderstanding.  This should fix the issue."  Dkt. 7.

11          Mr. Johnson's response wholly fails to address why, after having been explicitly warned

12  that his repetitive filings on this issue were vexatious and malicious, he chose yet again to file

13  not just one but two identical and frivolous actions.  *See also Johnson v. State of Washington,*

14  Case No. 15-5483 BHS-DWC.  His response indicates that he chose to ignore the Court's prior

15  warnings with the hope that one of his filings would "stick."  His complaint is frivolous,

16  malicious, and fails to state a claim upon which relief may be granted.

17                                          **CONCLUSION**

18          Based on the foregoing, the undersigned recommends that Mr. Johnson's application to

19  proceed *in forma pauperis* be **denied on the grounds that his complaint is frivolous,**

20  **malicious, and fails to state a claim upon which relief may be granted and that the**

21  **dismissal count as a strike under 28 U.S.C. § 1915(g).**  *See O'Neal v. Price*, 531 F.3d 1146,

22  1153 (9th Cir.2008) (when denial of a motion to proceed IFP is "on the grounds that the

REPORT AND RECOMMENDATION - 3

complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, such a complaint is 'dismissed' for purposes of § 1915(g)").

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 4, 2015,** as noted in the caption.

**DATED** this 18th day of August, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4